Rose, C. J.,
concurring in part and dissenting in part:
An initiative petition should present a straightforward, accurate, succinct and non-argumentative statement of the proposition in its title and the body of the initiative.[1] This initiative’s description of a “stand-alone bar” is anything but straightforward and accurate, and for that reason I dissent to that portion of the majority’s opinion holding to the contrary.
The initiative begins by stating in section 1 that the smoking ban will not apply to “stand-alone bars.” In section 2(3)(b), it again reiterates that “stand-alone bars” are excluded from the smoking prohibition. Not until the definitions at the end, section 2(9)(k), does the initiative define “stand-alone” bars as those bars that are not licensed to serve food. This substantially limits the scope of the “stand-alone” bar exception, and the prohibition now includes the vast majority of “stand-alone bars” in the state. The title further perpetuates the initiative’s misleading nature by only referring to “stand-alone bars.”
The breadth of the smoking ban is an essential part of the proposition, and I am sure many signatures were obtained because the signer believed that casinos and “stand-alone bars” would not be included in the prohibition, whether they served food or not — the initiative provided as much in sections 1 and 2(3)(b), and in the title itself. While the majority points out that a signer could read through the entire initiative to find the very limiting definition of “stand-alone bars,” it is primarily the initiative’s sponsors’ responsibility to make the language throughout the initiative straightforward and accurate.[2]
The initiative espouses the noble purpose of protecting children from secondhand smoke. Unfortunately, this purpose is made far less regal by the misleading representations made in the initiative. *894 I would hold the initiative sponsors to the representations they made in most of the initiative and exclude from the smoking prohibition any “stand-alone bar,” whether it can serve food or not; and I would do this because the initiative sponsors failed to meet their burden to give a straightforward, accurate description of a “stand-alone bar” throughout the initiative.
In all other respects, I concur with the majority opinion.

 See Armstrong v. Davidson, 10 P.3d 1278, 1282 (Colo. 2000); In re Title, Ballot Title 1999-2000 # 25, 974 P.2d 458, 469 (Colo. 1999); Nevada Judges Ass’n v. Lau, 112 Nev. 51, 59-60, 910 P.2d 898 , 903-04 (1996); Stumpf v. Lau, 108 Nev. 826, 832, 839 P.2d 120, 124 (1992).

 Nevada Judges Ass’n, 112 Nev. at 59-60, 910 P.2d at 903-04; see In re Title, Ballot Title 1999-2000 # 25, 974 P.2d at 469.